# SECTION 6

## Employment Practices Liability

## 1. INSURING CLAUSE

The Company shall pay on behalf of the **Insureds** all **Loss** for which the **Insured** becomes legally obligated to pay on account of any **Claim** first made against the **Insured** during the **Policy Period** or, if exercised, during the Extended Reporting Period, for a **Wrongful Act** committed, attempted, or allegedly committed or attempted, by an **Insured** before or during the **Policy Period.**

## 2. EXTENDED REPORTING PERIOD

(1) If this coverage section is nonrenewed, then the **Company** shall have the right, on payment of an additional premium as shown in Item 14. D. 1) of the Policy General Conditions, to an extension of the coverage granted by this coverage section. Such coverage shall be for any **Claim** first made against the **Insured Persons** during the period specified by Item 14. D. 2) (e) of the Policy General Conditions after the policy termination date, but only with respect to any **Wrongful Act** committed before the policy termination date or the date of elimination of coverage for subsequent **Wrongful Acts**, whichever date shall be earlier. This period is referred to in this coverage section as the **Extended Reporting Period.**

(2) As a condition precedent to the right to purchase the **Extended Reporting Period,** the total premium for this Policy must have been paid. The right to purchase the **Extended Reporting Period** shall terminate unless written notice is given to the **Insurer** by certified mail within ten (10) days after the policy termination date, together with full payment of the premium for the **Extended Reporting Period.** In the event that such notice and premium payment are not so given to the **Insurer** by the **Parent Corporation** there shall be no right to purchase the **Extended Reporting Period** at any later date.

(3) In the event that the **Extended Reporting Period** is purchased, the entire premium for the **Extended Reporting Period** shall deemed earned at its commencement.

(4) The purchase of the **Extended Reporting Period** shall not in any way increase the **Limit of Liability** as shown in Item 6 of the Policy Declarations.

## 3. EXCLUSIONS

The Company shall not be liable for **Loss** on account of any **Claim** made against any **Insured:**

a) based upon, arising from, or in consequence of any circumstance, if written notice of such circumstance has been given under any policy of which this Policy is a renewal or replacement, and if such prior policy affords coverage (or would afford such coverage except for the exhaustion of its limits of liability) for such **Loss**, in whole or in part, as a result of such notice;

b) based upon, arising from, or in consequence of a written demand for monetary damages, suit, formal administrative or regulatory proceeding commenced by the filing of notice of charges, formal investigative order or similar document or arbitration proceeding pending, or order, decree or judgment entered against any

**Insured** on or prior to October 1,1999 or the same or any substantially similar fact, circumstance or situation underlying or alleged therein;

c) for an actual or alleged violation of the responsibilities, obligations or duties imposed by the Employee Retirement Income Security Act of 1974 (except Section 510), the Fair Labor Standards Act (except the Equal Pay Act), the National Labor Relations Act, the Worker Adjustment and Retraining Notification Act, the Consolidated Omnibus Budget Reconciliation Act of 1985, the Occupational Safety and Health Act, rules or regulations promulgated thereunder and amendments thereto or similar provisions of any federal, state or local statutory law or common law.
However, this Exclusion shall not apply to any **Claim** for any retaliatory treatment of any claimant for any actual or alleged (i) refusal to violate the Employee Retirement Income Security Act of 1974, the Fair Labor Standards Act, the Worker Adjustment and Retraining Notification Act, the Consolidated Omnibus Budge Reconciliation Act of 1985, the Occupational Safety and Health Act, rules or regulation promulgated thereunder or amendments thereto or similar provisions of any federal, state of local statutory law or common law (collectively, "**Specified Laws**"), or (ii) disclosure regarding any actual or alleged violation of any **Specified Law** by an **Insured;**

d) for bodily injury (except mental or emotional distress), sickness, disease or death of any **Person** or damage to or destruction of any tangible property including **Loss** of use thereof;

e) based upon, arising from, or in consequence of **Pollution**. However, this Exclusion shall not apply to any **Claim** for any retaliatory treatment for such claimant's actual or alleged:

   i. refusal to violate any federal, state or local statutory law or common law regarding **Pollution**, or

   ii. disclosure regarding any actual or alleged **Pollution** by any **Insured Organization**;

f) based upon, arising from, or in consequence of any deliberately fraudulent act or omission by such **Insured** if a judgment or other final adjudication adverse to the **Insured** establishes such a deliberately fraudulent act or omission;

g) based upon, arising from, or in consequence of any actual or alleged obligation of any **Insured** pursuant to any workers' compensation, unemployment insurance, social security, disability **Benefits** or similar law. However, this Exclusion shall not apply to any **Claim** for any retaliatory treatment of the claimant by any **Insured** based upon the claimant's exercise of rights pursuant to any such law;

h) based upon, arising from, or in consequence of:

   (i) the actual or alleged violation of any federal, state, local or common law relating to securities, or
   (ii) any actual or alleged purchase, sale or distribution of or offer, representation or agreement relating to securities,

however, this Exclusion shall not apply to any **Claim** for any retaliatory treatment of any claimant for:

(i) such claimant's actual or alleged refusal to violate any such securities laws, or

(ii) any actual or threatened disclosure by such claimant of any actual or alleged violation of such securities laws;

i) based upon, arising from, or in consequence of liability of others assumed by the **Insured** under any contract or agreement, either oral or written, except to the extent that the **Insured** would have been liable in the absence of the contract or agreement; or

j) as respects BankBoston Corporation, based upon, arising from, or in consequence of **Wrongful Acts** or **Related Wrongful Acts** where all of any part of such acts were committed, attempted, or allegedly committed or attempted prior to October 1, 1999.

The Company shall not be liable for that part of **Loss**, other than **Defense Costs**:

1) which constitutes **Benefits** due, or to become due, or the equivalent value of such **Benefits**. However, this Exclusion shall not apply where such **Loss** is based upon a **Claim** made against an **Insured** for actual or alleged wrongful dismissal, discharge or termination of employment;

2) which constitutes front pay, future damages or other future economic relief, or the equivalent thereof, if the **Insured Organization** is ordered, pursuant to a judgment or other final adjudication, but fails to reinstate the claimant as an employee;

3) which constitutes any costs associated with any accommodation required pursuant to the American with Disabilities Act, the Civil Rights Act of 1964, rules or regulations promulgated thereunder, amendments thereto, or similar provisions of any federal, state or local law or common law;

4) which constitutes the cost of compliance with any order for, grant of or agreement to provide injunctive or non-pecuniary relief; or

5) on account of any **Claim** based upon, arising from, or in consequence of any actual or alleged breach of any written employment contract, except to the extent that the **Insured** would have been liable in the absence of such written employment contract.

**4. SEVERABILITY OF EXCLUSIONS**

With respect to the Exclusions in Section 3 of this Policy, no fact pertaining to or knowledge possessed by any **Insured** shall be imputed to any other **Insured** to determine if coverage is available.

**5. LIMIT OF LIABILITY, DEDUCTIBLE AND COINSURANCE**

For the purposes of this Policy, all **Loss** arising out of the same **Wrongful Act** and all **Interrelated Wrongful Acts** of any **Insured** shall be deemed one **Loss**, regardless of

the number of **Claims** made, **Claimants**, or **Insureds** against whom such **Claims** are made, shall be deemed to have originated at the time a **Claim** is first made against any **Insured** alleging any such **Wrongful Act** or **Interrelated Wrongful Acts** and only the policy in effect at that time, if any, shall apply to all such **Loss**.

The Company's maximum aggregate liability for all **Loss** on account of all **Claims** first made during the same **Policy Period** shall be the Limit of Liability set forth in item 6. of the Declarations for this Policy.

The Company's liability under this Policy shall apply only to that part of each **Loss** which is excess of the Deductible Amount set forth in Item 4 of the Declarations for this Policy and such Deductible Amount shall be borne by the **Insured Organization uninsured** and at its own risk.

For purposes of this Coverage Section 5. only, the Extended Reporting Period, if exercised, shall be part of and not in addition to the immediately preceding **Policy Period**.

## 6. DEFENSE PROVISIONS

The Company shall have the right and duty to defend any **Claim** covered by this Policy. Coverage shall apply even if any of the allegations are groundless, false or fraudulent. The Company's duty to defend shall cease upon exhaustion of the Company's applicable Limit of Liability set forth in Item 6 of the Declarations for this Policy. However, the Company's right and duty to defend shall not be deemed impaired or waived by the **Insured**'s settlement or incurring **Defense Costs** in an amount equal to or less than $5,000,000 prior to notice of a **Claim**.

**Defense Costs** incurred by the Company, or by the **Insured** with the written consent of the Company, are part of and not in addition to the Company's applicable Limit of Liability set forth in Item 6 of the Declarations for this Policy, and the payment by the Company of **Defense Costs** reduces such applicable Limit of Liability.

The **Insureds** agree to provide the Company with all information, assistance and cooperation which the Company reasonably requests and agree that in the event of a **Claim**, the **Insureds** will do nothing that may prejudice the Company's position or its potential or actual rights of recovery.

The **Insureds** agree not to settle any **Claim**, incur any **Defense Costs** in an amount greater than $5,000,000, assume any contractual obligation or admit any liability with respect to any **Claim** without the Company's written consent, which shall not be unreasonably withheld. The Company shall not be liable for any settlement and/or **Defense Costs** above $5,000,000, assumed obligation or admission to which it has not consented.

## 7. REPORTING AND NOTICE

Based upon the knowledge of the Corporate Risk Manager, Human Resources or Corporate General Counsel, the **Insureds** shall, as a condition precedent to exercising their rights under this Policy, give to the Company written notice of any **Claim** made against any of them for a **Wrongful Act** after any **Insured** determines it is reasonably possible that **Loss** on account of such **Claim** will meet or exceed $5,000,000. Such

notice shall be given as soon as practicable after such determination but in no event later than 30 days following the effective date of termination or nonrenewal.

The Company may, in connection with its underwriting analysis, request from the **Insureds** information regarding **Claims** not yet noticed to the Company as required by this coverage provision. Any information given to the Company in response to such a request shall not be considered a notice of **Claim** for purposes of this policy or any applicable state statute or regulation relating to **Claim** handling procedures, rights and duties. No action or inaction by the Company or the **Insureds** from the date a **Claim** is first made until and including the date notice of the **Claim** is required, pursuant to this coverage provision, shall constitute or be considered a waiver of or shall stop the Company or the **Insureds** from asserting any rights or defenses against the other.

The **Insureds** shall, as a condition precedent to exercising their rights under this Policy, give to the Company such information and cooperation as it may reasonably require, including but not limited to a description of the **Claim**, the nature of the alleged **Wrongful Act**, the nature of the alleged damage, the names of **Claimants**, and the manner in which the **Insured** first became aware of the **Claim**.

**8. ESTATES AND LEGAL REPRESENTATIVES**

Subject otherwise to the limitations, conditions, provisions and other terms of this Policy, coverage shall extend to **Claims** for the **Wrongful Acts** of the **Insured Persons** made against the estates, heirs, legal representatives or assigns of **Insured Persons** who are deceased or against the legal representatives or signs of **Insured Persons** who are incompetent, insolvent or bankrupt.

**9. OTHER INSURANCE**

If all or any part of **Loss** under this policy is also **Insured** under any other policy, then this policy shall cover such **Loss** on a primary basis, subject to its limitations, conditions, provisions and other terms, unless such Other Insurance is written only as specific excess insurance over the Limit of Liability provided for this policy.

**10. CESSATION OF SUBSIDIARIES**

In the event an **Organization** ceases to be a **Subsidiary** before or after the inception date of this Policy, coverage with respect to such **Subsidiary** and its **Insured Persons** shall continue until termination of this Policy, but only with respect to **Claims** for **Wrongful Acts** committed, attempted or allegedly committed or attempted prior to the date such **Organization** ceases to be a **Subsidiary**.

**11. REPRESENTATIONS AND SEVERABILITY**

In granting coverage to any one of the **Insureds**, the Company has relied upon the declarations and statements in the written application for this Policy and upon any declarations and statements in the original written application submitted to another insurer in respect of the prior coverage incepting as of the Continuity Date set forth in Item 10 of the Declarations for this Policy. All such declarations and statements are the basis of such coverage and shall be considered as incorporated in and constituting part of this Policy.

Such written application(s) for coverage shall be construed as a separate application for coverage by each of the **Insureds**. With respect to the declarations and statements contained in such written application(s) for coverage, no statement in the application or knowledge possessed by any **Insured Person** shall be imputed to any other **Insured Person** for the purpose of determining if coverage is available. Only facts pertaining to and knowledge possessed by any past, present or future Chief Financial Officer, President or Chairman of any **Insured Organization** shall be imputed to any **Insured Organization** to determine if coverage is available.

**12. INVESTIGATION AND SETTLEMENT**

The Company may make any investigation it deems necessary and may, with the written consent of the **Insured**, make any settlement of a **Claim** it deems expedient.

**13. DEFINITIONS**

When used in this Policy:

**Benefits** means perquisites, fringe **Benefits**, payments in connection with an employee benefit plan and any other payment, other than salary or wages, to or for the benefit of an employee arising out of the employment relationship.

**Claim**, either in the singular or plural, means:

(i) a written demand for monetary or non-monetary relief,

(ii) a civil proceeding commenced by the service of a complaint or similar pleading, including any appeal therefrom,

(iii) an arbitration proceeding,

(iv) a formal administrative or regulatory proceeding commenced by the filing of a notice of charges, formal investigative order or similar document, or

(v) a written request to toll or waive a statute of limitations relating to a potential judicial, administrative or other proceeding,

which is brought and maintained by or on behalf of:

(a) any past, present or prospective employee(s) of an **Outside Entity** against any **Insured** for any **Wrongful Act** in connection with any actual or alleged wrongful dismissal, discharge or termination of employment, including the constructive discharge or termination of employment, breach of any oral or written employment contract or quasi-employment contract, employment-related misrepresentation, violation of employment discrimination laws (including workplace and sexual harassment), wrongful failure to employ or promote, wrongful discipline, wrongful deprivation of a career opportunity, failure to grant tenure, negligent evaluation, negligent retention or supervision, invasion of privacy, employment-related defamation or employment-related wrongful infliction of emotional distress ("**Outside Capacity Claim**"); or

(b) any past, present or prospective employee(s) of the **Insured Organization** against any **Insured** for any **Wrongful Act** in connection with any actual or alleged wrongful dismissal, discharge or termination of employment, including the constructive discharge or termination of employment, breach of any oral or written employment contract or quasi-employment contract, employment-related misrepresentation, violation of employment discrimination laws (including workplace and sexual harassment), wrongful failure to employ or promote, wrongful discipline, wrongful deprivation of a career opportunity, failure to grant tenure, negligent evaluation, negligent retention or supervision, invasion of privacy, employment-related defamation, employment-related wrongful infliction of emotional distress.

**Defense Costs** means that part of **Loss** consisting of reasonable costs, charges, fees (including but not limited to attorneys' fees and experts' fees) and expenses (other than regular or overtime wages, salaries or fees of the directors, officers or employees of the **Insured Organization**) incurred in fending or investigating **Claims** and the premium for appeal, attachment of similar bonds.

**Employee** means past, present, part time, seasonal and temporary employees and applicants for employment.

**Insureds**, either in the singular or plural, means the **Insured Organization** and any **Insured Persons**.

**Insured Capacity** means the position or capacity held by any **Insured Person** but shall not include any position or capacity in any **Organization** other than the **Insured Organization**, even if the **Insured Organization** directed or requested the **Insured Person** to serve in such other position or **Capacity**.

**Insured Organization** means the organization designated in Item 1 of the Declarations for this Policy.

**Insured Persons**, either in the singular or plural means:

a) any person who has been, now is or shall become a duly elected director, a duly elected or appointed officer or **Employee** of the **Insured Organization** and

b) Independent contractors working solely for the **Insured Organization** shall be deemed **Insured Persons** for conduct within his or her duties as such, but only to the extent that and only as long as the **Insured Organization** provides indemnification to such individuals in the same manner as provided to the **Insured Organizations** employees.

**Loss** means the total amount which any **Insured** becomes legally obligated to pay on account of each **Claim** and for all **Claims** in each **Policy Period** and the Extended Reporting Period, if exercised, made against them for **Wrongful Acts** for which coverage applies, including, but not limited to, damages, judgments, pre and

post judgment interest, settlements, costs, court-awarded attorney fees, and **Defense Costs**. **Loss** does not include:

(i) any amount not indemnified by the **Insured Organization** for which the **Insured** is absolved from payment by reason of any covenant, agreement or court order;

(ii) the future salary or benefits of a claimant who has been or shall be hired, promoted or reinstated to employment pursuant to a settlement, order or other resolution;

(iii) fines or penalties imposed by law; however, fines or penalties shall not include:

(a) punitive or exemplary damages;

(b) liquidated damages awarded pursuant to the Age Discrimination in Employment Act or the Equal Pay Act; or

(c) the multiple portion of any multiplied damage award,

if such damages are insurable under the law applicable to this coverage; and

(iv) matters uninsurable under the law pursuant to which this coverage section is construed.

**Outside Capacity** means service as a director, officer, trustee, governor, or other equivalent executive position with any **Outside Entity** if such service by the **Insured Person** is at the specific written request of the **Insured Organization.**

**Outside Entity** means any non-profit corporation, community chest, fund or foundation exempt from taxation under Section 501(c)(3) of the Internal Revenue Code of 1986, as the same may be amended from time to time.

**Parent Organization** means the organization designated in Item 1 of the Declarations of this Policy.

**Policy Period** means the period of time specified in Item 3 of the Declarations of this Policy, subject to prior termination in accordance with 3. Termination of Coverage of Section 1 General Conditions. If this period is less than or greater than one year, then the Limits of Liability specified in the Declarations for this Policy shall be the Company's maximum Limit of Liability under this Policy for the entire period.

**Pollutants** means any substance exhibiting any hazardous characteristics as defined by, or identified on a list of hazardous substances issued by, the United States Environmental Protection Agency or a state, county, municipality or locality counterpart thereof. Such substances shall include, without limitations, solids, liquids, gaseous or thermal irritants, contaminants or smoke, vapor, soot, fumes, acids, alkalis, chemicals or waste materials. **Pollutants** shall also mean any other air emission, odor, waste water, oil or oil products, infectious or medical waste, asbestos products and any noise.

**Pollution** means:

a) the actual, alleged or threatened discharge, release, escape or disposal of **Pollutants** into or on real or **Personal** property, water or the atmosphere, or

b) direction or request that the **Insured** test for, monitor, clean up, remove, contain, treat, detoxify or neutralize **Pollutants**, or any voluntary decision to do so.

**Related Wrongful Acts** shall mean **Wrongful Acts** that arise out of, are based on, related to, or are in consequence of the same or related facts, circumstances, situations, transactions or events or the same or related series of facts, circumstances, situations, transactions or events.

**Subsidiary**, either in the singular or plural, means any **Organization** in which more than 50% of the outstanding securities or voting rights representing the present right to vote for election of directors is owned or controlled, directly or indirectly, in any combination, by one or more **Insured Organizations**.

**Wrongful Acts**, either in the singular or plural, means any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted, by an **Insured Organization** or by an **Insured Person**, individually or otherwise, in his **Insured Capacity**, or any matter claimed against an **Insured Person** solely by reason of his serving in such **Insured Capacity**.