**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ROBERTSON STEPHENS, INC. and BANK OF AMERICA CORPORATION, successor to FLEETBOSTON FINANCIAL CORPORATION, Plaintiff, | |
| v. | C.A. No. 05-360 S |
| CHUBB CORPORATION, FEDERAL INSURANCE CO., CHUBB & SON, INC., and BULFINCH INDEMNITY COMPANY, LTD., as successor to FFG INSURANCE CO., LTD., Defendants. | |

**ANSWER OF DEFENDANT BULFINCH INDEMNITY COMPANY, LTD**

Defendant Bulfinch Indemnity Company, Ltd ("Bulfinch"), as successor to FFG Insurance Co., Ltd., answers as follows the Complaint of plaintiff Bank of America Corporation, as successor to FleetBoston Financial Corporation.

First Defense

The Complaint fails to state a claim on which relief may be granted.

Second Defense

1-2. Bulfinch admits the allegations contained in paragraphs 1 and 2 of the Complaint.

3-6. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3 through 6 of the Complaint.

7-13. Bulfinch admits the allegations contained in paragraphs 7 through 13 of the Complaint.

14. Bufinch admits that paragraph 14 of the Complaint quotes accurately certain excerpts from the Insurance Policy, but asserts that the entire Policy must be referred to for the complete EPL provisions.

15. In response to paragraph 15 of the Complaint, Bulfinch admits that Fleet has paid all premiums for the Insurance Policy, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15.

16-17. Bufinch admits that paragraphs 16 and 17 of the Complaint quote accurately certain excerpts from the Insurance Policy, but asserts that the entire Policy must be referred to for the complete EPL provisions.

18-19. Bulfinch admits the allegations contained in paragraphs 18 and 19 of the Complaint.

20-21. Bulfinch states that the allegations contained in paragraphs 20 and 21 of the Complaint are legal conclusions, as to which no response is required.

22. Bufinch admits that paragraph 22 of the Complaint quotes accurately certain excerpts from the Claim Administration Agreement, but asserts that the entire Agreement must be referred to for its complete provisions.

23. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23 of the Complaint. Bulfinch states that the allegations contained in the second sentence of paragraph 23 are legal conclusions, as to which no response is required.

24. Bulfinch admits the allegations contained in the first sentence of paragraph 24 of the Complaint. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of that paragraph.

25-26. Bulfinch admits the allegations contained in paragraphs 25 and 26 of the Complaint.

27-30. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 27 through 30 of the Complaint.

31. Bulfinch admits the allegations contained in paragraph 31 of the Complaint.

32. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Bulfinch admits the allegations contained in paragraph 33 of the Complaint.

34. In response to paragraph 34 of the Complaint, Bulfinch admits that FFG did not respond to the June 20, 2003 communication. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34.

35-36. Bulfinch admits the allegations contained in paragraphs 35 and 36 of the Complaint, insofar as they relate to FFG. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 35 and 36.

37. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 37 of the Complaint. Bulfinch admits the allegations contained in the last sentence of paragraph 37.

38-39. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 38 and 39 of the Complaint.

40. Bulfinch states that the allegations contained in paragraph 40 of the Complaint are legal conclusions, as to which no response is required.

41-43. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 41 through 43 of the Complaint.

44. In response to paragraph 44 of the Complaint, Bulfinch admits being informed that the claims had been settled. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44.

45. Bufinch admits that paragraph 45 of the Complaint quotes accurately certain excerpts from Chubb's letter, but asserts that the entire letter must be referred to for Chubb's position with respect to the claims. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45.

46-48. Bulfinch states that the allegations contained in paragraphs 46 through 48 of the Complaint are legal conclusions, as to which no response is required.

49. In response to paragraph 49 of the Complaint, Bulfinch admits that it has not reimbursed Plaintiffs for defense costs or for any of the settlement payment.

Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49.

50. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51. Bulfinch denies the allegations contained in paragraph 51 of the Complaint, insofar as they relate to FFG. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51.

52. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53. Bulfinch denies the allegations contained in paragraph 53 of the Complaint, insofar as they relate to FFG. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53.

54. In response to paragraph 54 of the Complaint, Bulfinch incorporates by reference its responses to paragraphs 1 through 53.

55. Bulfinch states that the allegations contained in paragraph 55 of the Complaint are legal conclusions, as to which no response is required.

56-59. Bulfinch denies the allegations contained in paragraphs 56 through 59 of the Complaint.

60. In response to paragraph 60 of the Complaint, Bulfinch incorporates by reference its responses to paragraphs 1 through 59.

61. Bulfinch states that the allegations contained in paragraph 61 of the Complaint are legal conclusions, as to which no response is required.

62. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63-64. Bulfinch denies the allegations contained in paragraphs 63 and 64 of the Complaint.

65. In response to paragraph 65 of the Complaint, Bulfinch incorporates by reference its responses to paragraphs 1 through 64.

66. Bulfinch states that the allegations contained in paragraph 66 of the Complaint are legal conclusions, as to which no response is required.

67-68. Bulfinch denies the allegations contained in paragraphs 67 and 68 of the Complaint.

69. In response to paragraph 69 of the Complaint, Bulfinch incorporates by reference its responses to paragraphs 1 through 68.

70-73. Bulfinch states that the allegations contained in paragraphs 70 through 73 of the Complaint are legal conclusions, as to which no response is required.

74. Bulfinch lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint.

75-76. Bulfinch states that the allegations contained in paragraphs 75 and 76 of the Complaint are legal conclusions, as to which no response is required.

77-78. Bulfinch denies the allegations contained in paragraphs 77 and 78 of the Complaint.

79-103. In response to paragraphs 79 through 103 of the Complaint, Bulfinch states that those paragraphs are asserted only against Chubb, and therefore no response is required from Bulfinch.

WHEREFORE, defendant Bulfinch Indemnity Company, Ltd. prays that the Complaint be dismissed with prejudice as to it, that it be awarded its costs and such other and further relief as the Court deems appropriate.

Geoffrey J. Vitt, Esq.
Vitt & Rattigan
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055

Matthew F. Medeiros (#1856)
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax (401) 272-8195

**Attorneys for Bulfinch Indemnity Company, Ltd, as successor to FFG Insurance Co., Ltd.**

**CERTIFICATION**

I hereby certify that on this ~~15~~ 16th day of December 2005, I caused to be mailed via first class U.S. mail, postage prepaid, a copy of the within Answer to:

Howard A. Merten, Esq.
Partridge Snow & Hahn LLP
180 South Main St.
Providence, RI 02903

Stephen J. Reid, Esq.
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903

[signature]