**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **ROBERTSON STEPHENS, INC. and BANK OF AMERICA CORPORATION, as the successor to FLEETBOSTON FINANCIAL CORPORATION**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CHUBB CORPORATION, FEDERAL INSURANCE CO., CHUBB & SON, INC. and BULFINCH INDEMNITY COMPANY, LTD., as the successor to FFG INSURANCE CO., LTD.**<br><br>**Defendants.** | **Case No. 05-0360-S-LDA**<br>**Jury Trial Demanded** |

**ANSWER TO FEDERAL INSURANCE CO.'S COUNTERCLAIM**

Plaintiffs Robertson Stephens, Inc. ("RSI") and Bank of America Corporation, as the successor to FleetBoston Financial Corporation ("Fleet") (collectively, "Plaintiffs"), submits this Answer to defendant Federal Insurance Co.'s Counterclaim. Plaintiffs deny each and every allegation set forth in the Counterclaim, except to the extent specifically admitted herein.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted, but Plaintiffs further state that the Policy was extended by agreement of the Parties.

7. Plaintiffs admit that the Policy contains an Employment Practices Liability ("EPL") section. With respect to the remaining allegations in paragraph 7, Plaintiffs state that the EPL section speaks for itself, and therefore deny the characterization in those allegations.

8. Plaintiffs admit that the EPL section defines the term "Claim," but states that the EPL section speaks for itself, and therefore deny the characterization in the remaining allegations in paragraph 8.

9. Plaintiffs admit that the EPL section defines the term "Wrongful Act", but state that the EPL section speaks for itself, and therefore deny the characterization in the remaining allegations in paragraph 9.

10. Plaintiffs admit that the EPL section defines the term "Loss," but state that the EPL section speaks for itself, and therefore deny the characterization in the remaining allegations in paragraph 10.

11. Plaintiffs admit that the EPL section lists certain exclusions, limitations and conditions of coverage, but state that the EPL section speaks for itself, and that the Counterclaim references only certain of these provisions, and therefore deny the characterization in the remaining allegations in paragraph 11.

12. Plaintiffs state that the EPL section speaks for itself, and therefore deny the characterizations of the EPL section in paragraph 12.

13. The allegations contained in paragraph 13 contain an incomplete quotation of the relevant EPL section. Plaintiffs state that the EPL section speaks for itself, and therefore deny the allegations in paragraph 13.

14. The allegations contained in paragraph 14 contain an incomplete quotation of the relevant EPL section. Plaintiffs state that the EPL section speaks for itself, and therefore deny the allegations in paragraph 14.

15. Plaintiffs admit the allegations contained in the first sentence of paragraph 15. The remaining allegations contained in paragraph 15 contain an incomplete quotation of the Claims Administration Agreement. Plaintiffs state that the Claims Administration Agreement speaks for itself, and therefore deny the remaining allegations in paragraph 15.

16. In response to the first sentence of paragraph 16, Plaintiffs state that the Agreement speaks for itself, and therefore deny the allegations in that sentence. Plaintiffs deny the allegations contained in the second sentence of paragraph 16 and affirmatively state that Federal was at times not acting as the agent of FFG. Plaintiffs further state that at the times when Federal was not acting outside the scope of its agency with FFG, it was in a joint venture with FFG.

17. Admitted.

18. The allegations contained in paragraph 18 contain an incomplete quotation of the Reinsurance Agreement. Plaintiffs state that the Reinsurance Agreement speaks for itself, and therefore deny the allegations in paragraph 18.

19. The allegations contained in paragraph 19 contain an incomplete quotation of the Reinsurance Agreement. Plaintiffs state that the Reinsurance Agreement speaks for itself, and therefore deny the allegations in paragraph 19.

20. The allegations contained in paragraph 20 contain an incomplete quotation of the Reinsurance Agreement. Plaintiffs state that the Reinsurance Agreement speaks for itself, and therefore deny the allegations in paragraph 20.

21. Admitted

22. Plaintiffs admit that Fleet and BancBoston merged in October 1999, and that RSI became a subsidiary of Fleet. Plaintiffs admit that Carter, Conlin, Fitzsimmons and Whiteford had written employment with RSI, all of which expired according to their own terms on February 28, 2002. Plaintiffs otherwise deny the allegations contained in paragraph 22.

23. Plaintiffs admit that on July 12, 2002, Fleet announced that RSI would cease operations. Plaintiffs deny the remaining allegations in paragraph 23.

24. Plaintiffs state that the draft statement of claim and draft complaint referenced in paragraph 24 speak for themselves, and otherwise deny the allegations contained in paragraph 24.

25. Plaintiffs state that the draft statement of claim and draft complaint referenced in paragraph 25 speak for themselves, and otherwise deny the allegations contained in paragraph 25. Plaintiffs further state that the employment agreements referenced in paragraph 25 expired by their own terms on February 28, 2002, some six months prior to the shut down of RSI, and were no longer in effect at that time. Plaintiffs further state that at no time after February 28, 2002, did they enter into any employment agreements with the Executives. Plaintiffs expressly deny that any of the Executives' claims were based on the written contracts referenced in paragraph 25.

26. Plaintiffs state that the draft statement of claim and draft complaint referenced in paragraph 26 speak for themselves, and otherwise deny the allegations contained in paragraph 26.

27. Admitted.

28. Plaintiffs admit that they retained counsel and negotiated with the Executives after Federal and FFG repeatedly failed and refused to respond to Plaintiffs' notice and further failed and refused to take any steps to defend Fleet or RSI against the Executives' claims. Plaintiffs otherwise deny the allegations contained in paragraph 28.

29. Denied.

30. Plaintiffs admit that in December, 2003, Federal requested information about the proposed settlement, for the first time. Plaintiffs deny the remaining allegations contained in paragraph 30.

31. Plaintiffs admit that Fleet notified Federal on January 9, 2004, that it had potentially reached a settlement with the Executives, within the $100,000,000 aggregate limit of liability under the Insurance Policy, and otherwise deny the allegations in paragraph 31.

32. Denied.

33. Plaintiffs state that the RSI settlement speaks for itself, and otherwise deny the allegations contained in paragraph 33.

34. Plaintiffs admit that Fleet sought coverage for the RSI settlement under the Insurance Policy. Plaintiffs further admit that Federal responded to Fleet's letter seeking coverage in a February 25, 2004 letter, in which Federal acknowledged that the Policy provided coverage for the claim. Plaintiffs state that the letter speaks for itself, and otherwise deny the allegations contained in paragraph 34.

35. Plaintiffs state that the February 25, 2004 letter from Federal acknowledging coverage speaks for itself, and otherwise deny the allegations contained in paragraph 35.

36. Plaintiffs state that Fleet agreed with Federal's position that there was coverage under the Policy and disputed Federal's other positions as not based in fact, not made in good faith, and in fact made in bad faith.

37. Admitted.

38. Plaintiffs incorporate by reference their response to paragraphs 1 through 37.

39. Plaintiffs state that the allegations contained in paragraph 39 are legal conclusions, to which no response is required.

40. Plaintiffs admit that Fleet is entitled to coverage under the terms of the Policy for the RSI settlement. Plaintiffs further admit that that Federal's handling of Fleet's claim, in which Federal failed to respond to repeated requests to participate in the settlement negotiations, and Federal's eventual denial of coverage, despite its acknowledgement that the Policy provided coverage for Fleet's claim, was in bad faith. Plaintiffs state that the allegations contained in the

remainder of paragraph 40 are legal conclusions, to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in paragraph 40.

41. Plaintiffs admit that Federal has a direct monetary interest in the issues raised in this litigation. Plaintiffs state that the remaining allegations contained in paragraph 41 are legal conclusions, to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in paragraph 41.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

**FIRST AFFIRMATIVE DEFENSE**

The Counterclaim fails to state a claim on which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Federal's alleged Counterclaim is barred by the defenses of estoppel, waiver and laches.

**THIRD AFFIRMATIVE DEFENSE**

Federal's alleged Counterclaim is barred by the equitable doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

Federal is not entitled to an award of attorneys' fees, punitive damages, or interest for the cost of this proceeding.

**FIFTH AFFIRMATIVE DEFENSE**

Federal has expressly admitted coverage under the Policy.

**SIXTH AFFIRMATIVE DEFENSE**

Federal breached its duty to defend under the Policy and therefore is not entitled to rely on exculpatory provisions of that Policy.

**SEVENTH AFFIRMATIVE DEFENSE**

For the reasons set forth in Plaintiffs' Complaint, the Counterclaim should be dismissed.

WHEREFORE, Plaintiffs Robertson Stephens, Inc. and Bank of America Corporation requests that the Court dismiss Federal's Counterclaim, that the Court enter judgment in Plaintiffs' favor, that the Court award Plaintiffs their costs and payments and all other sums incurred to date by the Plaintiffs, including but not limited to counsel fees and expert fees, and that the Court grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**ROBERTSON STEPHENS, INC. and BANK OF AMERICA CORPORATION, as the successor to FLEETBOSTON FINANCIAL CORPORATION**

By its attorneys,

Steven E. Snow, R.I. Bar No. 1774
Howard Merten, R.I. Bar No. 3171
**PARTRIDGE SNOW & HAHN LLP**
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210

Of Counsel:

S. Elaine McChesney, BBO #329090
Jennifer W. Corinis, BBO #647247
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000
Dated: January 10, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ANSWER TO FEDERAL INSURANCE CO.'S COUNTERCLAIM was mailed, postage prepaid, on this 10th day of January, 2006

Stephen J. Reid, Jr., Esq.
BLISH & CAVANAGH, LLP
30 Exchange Terrace
Providence, RI 02903

Jonathan A. Constine, Esq.
Douglas S. Crosno, Esq.
HORGAN & HARTSON L.L.P.
555 13th Street, N.W., Suite 800E
Washington,D.C. 20004

Geoffrey J. Vitt, Esq.
Vitt & Rattigan
Eight Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055

Matthew F. Medeiros, Esq.
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

[signature]

835607_1/4150-30